IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00244-MOC-WCM

| | |
|---|---|
| KELLY RHODARMER BOONE, ) ) Plaintiff, ) ) v. ) ) BUNCOMBE COUNTY BOARD OF ) EDUCATION, ) ) Defendant. ) _____ ) | ORDER |

This matter is before the Court on a Motion to Dismiss (Doc. 7) and a Motion for Extension of Time to File Answer to Plaintiff's Amended Complaint (Doc. 16).

I. Relevant Background

On November 18, 2022, Plaintiff filed her original Complaint against the "Buncombe County Board of Education for Buncombe County Schools" and two individual defendants in their official and individual capacities. Doc. 1.

On February 5, 2023, Defendants filed a Motion to Dismiss (the "First Motion to Dismiss," Doc. 7).

On February 24, 2023, Plaintiff filed an Amended Complaint, naming only the Buncombe County Board of Education (the "Board") as a defendant. Doc. 13.

On March 9, 2023, the Board filed a new Motion to Dismiss (the "Second Motion to Dismiss," Doc. 14) as well as a Motion for Extension of Time to File Answer to Plaintiff's Amended Complaint (the "Motion for Extension," Doc. 16).

## II. The Motion to Dismiss

As noted, the First Motion to Dismiss was filed on February 3, 2023 and Plaintiff filed her Amended Complaint on February 24, 2023. Doc. 13; see F.R.C.P. 15(a)(1)(B) (a party may amend once as a matter of course 21 days after service of a motion under Rule 12(b)).

"The general rule … is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Ledford v. Eastern Band of Cherokee Indians, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and

2

that motions directed at superseded pleadings may be denied as moot").

Consequently, the First Motion to Dismiss is moot as a matter of law.

### III. The Motion for Extension

In the Second Motion to Dismiss, the Board moves to dismiss Plaintiff's second claim in the Amended Complaint.

This district's Local Rules provide that when a party "files a motion to dismiss fewer than all claims and files an Answer as to the remaining claims, the Court in its discretion may consider issues joined." LCvR 16.1(d).

Here, though, the Board seeks leave to defer filing an answer to the Amended Complaint until after a ruling has been issued on the Second Motion to Dismiss. See Doc. 16 at 1-3.

The undersigned finds that extending the Board's answer deadline is appropriate in these circumstances.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendants' Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**.

(2) The Board's Motion for Extension of Time to File Answer to Plaintiff's Amended Complaint (Doc. 16) is **GRANTED**, and the deadline for

3

Defendant to file an answer to the Amended Complaint is **EXTENDED** to and including fourteen (14) days following a ruling on the Second Motion to Dismiss.

Signed: March 16, 2023

W. Carleton Metcalf
United States Magistrate Judge