UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-244-MOC

| | |
|---|---|
| KELLY RHODARMER BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BUNCOMBE COUNTY ) | **ORDER** |
| BOARD OF EDUCATION FOR ) | |
| BUNCOMBE COUNTY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant Buncombe County Board of Education's Partial Motion to Dismiss, in which Defendant asks the Court to dismiss Plaintiff's claim of retaliation. (Doc. No. 14). For the following reasons, the motion is granted.

**I.    BACKGROUND**

Defendant hired Plaintiff in 2017 as a math teacher. (Doc. No. 13 at ¶ 4). In March 2020, the COVID-19 pandemic impacted schools across the country. Almost all schools in North Carolina closed their doors to students and pivoted to instructing students remotely via the internet. In July 2020, Plaintiff requested to work remotely for the upcoming 2020-2021 school year, citing she was immunocompromised with various medical issues. (Id. at ¶¶ 9–11). In September 2020 and October 2020, Plaintiff continued to teach remotely. (Id. at ¶ 12). On or around February 5, 2021, Defendant contacted Plaintiff and asked Plaintiff to return to work in-person on February 10. (Id. at ¶ 15). Plaintiff requested an accommodation to continue to teach remotely. (Id. at ¶ 16). Toward the end of February 2021, Defendant notified Plaintiff she would be permitted to continue teaching remotely. (Id. at ¶ 25).

1

Plaintiff attempted to engage in the interactive process and made repeated requests to work remotely. (Id. at ¶ 16). From February 2021 through the remainder of the 2020-2021 school year, Defendant's management team excluded Plaintiff from meetings and important communications, refused to communicate with Plaintiff, barred Plaintiff from school software systems, and assigned Plaintiff extra duties. (Id. at ¶¶ 26–27). Plaintiff was denied use of personal days and unable to work on collaborating teams. (Id. at ¶ 28). On or about May 1, 2021, Defendant allegedly forced Plaintiff to retire. (Id. at ¶ 30).

On October 14, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging disability discrimination. (Doc. No. 13 at ¶ 33; Doc. No. 1-2 at 1-2). The EEOC issued a Determination and Notice of Right to Sue Letter on August 22, 2022. (Doc. No. 1-1). Plaintiff initiated this action on November 18, 2022. See (Doc. No. 1). Plaintiff filed an Amended Complaint on February 24, 2023, alleging that Defendant discriminated against her based on her alleged disability and failed to accommodate her in violation of the Americans with Disabilities Act, as amended ("ADA") (Count I); (2) retaliated against her in violation of the ADA (Count II); and violated the Family Medical Leave Act ("FMLA") by denying her request to take FMLA leave (Count III); and. Defendants filed the pending motion to dismiss Plaintiff's retaliation claim on March 9, 2023. (Doc. No. 14). Plaintiff has responded to the motion to dismiss, and Defendant has filed a Reply. (Doc. Nos. 18, 20).

## II.   STANDARD OF REVIEW

Before proceeding in federal court, an ADA plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and obtaining a right-to-sue letter. Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999). The Supreme Court has "held that Title VII's charge-filing requirement is not

2

Case 1:22-cv-00244-MOC-WCM   Document 21   Filed 05/08/23   Page 2 of 6

jurisdictional, but rather a claims-processing rule." EEOC v. 1618 Concepts, Inc., 432 F. Supp. 3d 595, 601 (M.D.N.C. 2020) (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850–51 (2019)). While Fort Bend involved a Title VII claim, the rule also applies to Plaintiff's ADA claims. Meadows v. Blue Ridge Cmty. Coll., 2020 WL 2761037, at *4 (W.D.N.C. May 5, 2020). Motions to dismiss for failure to exhaust administrative remedies relative to ADA claims are therefore analyzed under Rule 12(b)(6) rather than under Rule 12(b)(1). Webber v. Aeroflow, Inc., 2022 WL 3209313, at *3 (W.D.N.C. July 5, 2022).

### III. DISCUSSION

The ADA gives initial enforcement responsibility to the EEOC. An individual alleging discrimination in violation of the ADA must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act. 29 C.F.R. § 1640.7; Appendix to 29 C.F.R. § 1630 at Introduction. The scope of a plaintiff's subsequent employment discrimination lawsuit is determined by the contents of her EEOC charge. Webber, 2022 WL 3209313, at *4 (citing Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002)). An individual cannot bring suit until she has exhausted the administrative process. 29 C.F.R. § 1601.28.

This administrative framework plays a substantial role in focusing the subsequent litigation. Any allegations or claims of discrimination outside the scope of the EEOC Charge are deficient for failure to exhaust administrative remedies. Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). Consequently, "the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Evans v. Techs. Applicants & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996). In the EEOC charge, a plaintiff must "describe generally the action or practices complained of." Chacko, 429 F.3d at 508 (quoting 29 C.F.R. § 1601.12(b) (2004)). While EEOC charges are construed liberally,

"[o]nly 'those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [] lawsuit.'" Stewart v. Iancu, 912 F.3d 693, 705 (4th Cir. 2019) (quoting Chacko, 429 F.3d at 506 (citation omitted)). Where alleged retaliation occurred before the charging party filed an EEOC charge, and the charging party could have alleged retaliation in the EEOC charge, the party cannot raise the claim in a subsequent suit without exhaustion. See, e.g., Miles v. Dell, Inc., 429 F.3d 480, 492 (4th Cir. 2005) (affirming Title VII retaliation claim was not reasonably related to EEOC Charge when plaintiff "did not check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation"); Baker v. Runyon, 951 F. Supp. 90, 91 n.1 (E.D.N.C. 1996) (explaining that a plaintiff must exhaust her administrative remedies when the alleged retaliation could have been raised in an original EEOC Charge); Sloop, 198 F.3d at 149 (Title VII retaliation claim barred when administrative charge alleged only age discrimination).

Here, Plaintiff failed to allege retaliation in her EEOC charge. That is, Plaintiff failed to check the "Retaliation" box on the first page of the Charge of Discrimination, and she failed to raise any specific allegation of retaliation in the EEOC Charge itself. Cf. Miles, 429 F.3d at 492. In her Charge, Plaintiff alleges she sought accommodations from Defendant to address health issues during the 2021-2022 school year and that such accommodations were denied due to a lack of supporting evidence. (Doc. No. 1-2 at 1). Although requesting a reasonable accommodation is a protected activity, Plaintiff's EEOC Charge does not allege that Defendant took an adverse action against her after the request. Plaintiff alleges only that she experienced "difficulties" and a "lack of communication" from Defendant that "led to [her] decision to retire[.]" Id. These allegations are too vague to support a retaliation claim that is presented for

4

the first time in this lawsuit. Chacko, 429 F.3d at 509 (explaining that "if the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred.").

Furthermore, Plaintiff's EEOC Charge concludes: "I believe I have been discriminated against on the basis of my disability . . .", without mentioning any alleged retaliation. (Doc. No. 1-2 at 2). Plaintiff's Amended Complaint also acknowledges Plaintiff's EEOC Charge alleged disability discrimination without mentioning retaliation. (Doc. No. 13 at ¶ 33). Plaintiff's new assertions that she was retaliated against via exclusion from receiving information and assignment of extra duties (id. at ¶ 27), denial of employee benefits (id. at ¶ 28), and forced retirement by Defendant (id. at ¶¶ 30, 45) were not raised in her October 2021 EEOC Charge, nor did they surface as alleged adverse actions during the EEOC investigation.[1] Plaintiff's claim for retaliation under the ADA must be dismissed for failure to exhaust Plaintiff's administrative remedies.

## IV. CONCLUSION

Defendants' partial motion to dismiss is granted, and Plaintiff's retaliation claim is hereby dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Defendants' Partial Motion to Dismiss, (Doc.

---

[1] Plaintiff's EEOC Charge states specifically it was her decision to retire from Buncombe County Schools on May 1, 2021. (Doc. No. 1-2 at 2). The Board had no notice during the EEOC administrative process that Plaintiff would subsequently claim the Board forced her to retire. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (observing that "termination" is a "[d]iscrete act[] . . . of discrimination" and "[e]ach retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'"); see also Webber, 2022 WL 3209313, at *5 (reasoning that "[b]ecause constructive discharge is a discrete discriminatory act and was not alleged in her Charge, Plaintiff did not exhaust her administrative remedies with respect to such a claim.").

No. 14), is **GRANTED**, and Plaintiff's retaliation claim is **DISMISSED** with prejudice. All other claims remain in this action.

Signed: May 8, 2023

Max O. Cogburn Jr
United States District Judge